IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BETTER BAGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. H-05-1919 |
| | § | |
| BETTER BAGS MARKETING, L.L.C., | § | |
| | § | |
| Defendant. | § | |

**<u>MEMORANDUM OPINION</u>**

Pending before the court[1] is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint or, in the Alternative, for a Change of Venue (Docket Entry No. 6).  The court has considered the motion, all relevant filings, and the applicable law.  For the reasons set forth below, the court **DENIES** Defendant's motion in all respects.

### I.  Case Background

Plaintiff filed this trademark action against Defendant for infringement, false designation, unfair competition, and dilution of its registered trademark, "Better Bags."

In 1985, Plaintiff began its business of providing disposable plastic bags to grocery stores and similar businesses.[2]  Plaintiff filed its trademark for "Better Bags" in 1999.[3]  In its complaint,

---

[1]      The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Docket Entry No. 14.

[2]      Plaintiff's Response, Docket Entry No. 24, Ex. D, Declaration of Rafael Alvarado, ¶¶ 3, 6.

[3]      Id. at ¶ 4.

Plaintiff alleged that Defendant began using "Better Bags" in 2002 to market plastic bags for grocery stores, supermarkets, and similar commercial entities.[4]  After discovering Defendant's use and receiving payments intended for Defendant, Plaintiff sent Defendant a letter demanding that it cease using the name "Better Bags."[5]  Defendant refused, and Plaintiff brought this action.[6]

## II.  Motion to Dismiss

The Federal Rules of Civil Procedure authorize a court to dismiss an action against a defendant when the court lacks personal jurisdiction over that defendant.  See Fed. R. Civ. P. 12(b)(2).  On a motion to dismiss, the burden is on the plaintiff to present sufficient facts to establish a prima facie case in support of jurisdiction.  Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002).  "[A] district court may consider 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'"  Id. (quoting Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985)).  The court resolves all conflicts in favor of the plaintiff and accepts all of the plaintiff's uncontroverted allegations.  Revell, 317 F.3d at 469.

A federal court has personal jurisdiction over a nonresident defendant if the forum state's long-arm statute confers

---

[4]     Plaintiff's First Amended Complaint, Docket Entry No. 5, ¶ 13.

[5]     Id. at ¶¶ 9-10.

[6]     See id. at ¶ 10.

2

jurisdiction and if jurisdiction is consistent with due process under the United States Constitution.  $\underline{Id.}$; $\underline{Bullion\ v.\ Gillespie}$, 895 F.2d 213, 215 (5th Cir. 1990); $\underline{see\ also}$ $\underline{DeMelo\ v.\ Toche\ Marine,}$ $\underline{Inc.}$, 711 F.2d 1260, 1266 (5th Cir. 1983)(concluding that the state standard for amenability to jurisdiction applies when subject matter jurisdiction is based on a federal statute that is silent as to service of process and service is made pursuant to the state long-arm statute).  In Texas, the long-arm statute permits personal jurisdiction to full extent allowed by the Due Process Clause. $\underline{Revell}$, 317 F.3d at 469-70.

> The Due Process Clause . . . permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice."

$\underline{Latshaw\ v.\ Johnston}$, 167 F.3d 208, 211 (5th Cir. 1999)(quoting $\underline{Int'l}$ $\underline{Shoe\ Co.\ v.\ Washington}$, 326 U.S. 310, 316 (1945)).

Minimum contacts are established with a state by a defendant whose conduct and connection with that state are significant enough that the defendant reasonably should anticipate being haled into court in that state.  $\underline{Nuovo\ Pignone,\ SpA\ v.\ STORMAN\ ASIA\ M/V}$, 310 F.3d 374, 379 (5th Cir. 2002).  The defendant must "purpose[ful]ly avail[] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."  $\underline{Id.}$ (quoting $\underline{Burger\ King\ Corp.\ v.\ Rudzewicz}$, 471 U.S. 462,

475 (1985)).   Continuous and systematic contacts are grounds for the exercise of general jurisdiction over a nonresident defendant for any cause of action regardless of whether the claim arose from specific activity within the forum.   Cent. Freight Lines Inc. v. APA Transport Corp., 322 F.3d 376, 381 (5th Cir. 2003).   Specific jurisdiction may exist if the asserted cause of action arises out of or is related to the defendant's contact with the forum.   Id.

Overall, the primary focus is on purposeful availment regardless of the number of contacts.   See Hydrokinetics, Inc. v. Alaska Mech., Inc., 700 F.2d 1026, 1028 (5th Cir. 1983).   The court should analyze the quality, nature, and extent of the defendant's contacts with the forum state, "the foreseeability of consequences within the forum from activities outside it, and the relationship between the cause of action and the contacts."   Id. (quoting Prejean v. Sonatrach, Inc., 652 F.2d 1260, 1268 (5th Cir. 1981)).

Upon a showing of minimum contacts, the court considers the second prong of the due process analysis, whether personal jurisdiction comports with traditional notions of fair play and substantial justice.   See Ruston Gas Turbines, Inc. v. Donaldson Co., 9 F.3d 415, 421 (5th Cir. 1993).   Key to the court's analysis are the following factors:   "(1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared

interest in furthering fundamental social policies."  <u>Id.</u>

Defendant challenges only the minimum contacts portion of the analysis.  Defendant argues that it is not authorized to do business in Texas, that it does not do business in Texas, that it has no customers in Texas, and that it has made no efforts to gain customers in Texas.  Plaintiff, on the other hand, argues that Defendant has entered into multiple substantial, continuous, and systematic contracts with Texas business entities.

Specifically, Plaintiff produced evidence that, beginning in April 2005, Defendant purchased plastic bags from Paradigm Plastic, L.P., ("Paradigm") located in Houston.[7]  Plaintiff submitted seven purchase orders and five invoices reflecting multiple orders placed and received by Defendant over a period of at least three months.[8]  Prior to its business relationship with Paradigm, Defendant routinely made purchases from Prince Plastics in Sugar Land, Texas, during the period October 2004 to March 2005.[9]  In addition to this evidence, Plaintiff represents that Defendant produced one hundred and fifty-seven pages of email communications between Paradigm and Defendant and fifty-eight pages of email communications between Prince and Defendant.[10]

---

[7]     <u>See</u> Plaintiff's Response, Docket Entry No. 24, Ex. A, purchase orders; Ex. B, invoices.

[8]     <u>Id.</u> at Ex. A, purchase orders; Ex. B, invoices.

[9]     <u>See</u> <u>id.</u> at Ex. C, purchase orders; Ex. B, invoices.

[10]    <u>See</u> Plaintiff's Response, Docket Entry No. 24, p. 5.

According to Plaintiff's representations of the discovery Defendant produced, Defendant also had an ongoing business relationship with DJ Sales & Marketing in Houston, as demonstrated by the more than fifty pages of email communications between the two during the time October 2004 to April 2005.[11]   Finally, according to Plaintiff, Defendant produced its email communications with Integrity Design in Houston.[12]   The correspondence, per Plaintiff, suggests that Integrity Design created artwork for the products that Defendant purchased from Paradigm and Prince Plastics.[13]

Defendant does not deny Plaintiff's assertions regarding its contacts with Texas.  Rather, it claims that it was nothing more than a purchaser of goods.  In support of its claim that its contacts with Texas were insufficient to alert it to the possibility of being haled into a Texas court, Defendant relies on two Fifth Circuit opinions, one unpublished and one published.  See Dudek v. Donald C. & Eleanor J. Glanville Revocable Trust, 109 Fed. Appx. 657 (5th Cir. 2004); Hydrokinetics, Inc., 700 F.2d at 1026. The unpublished opinion indicates that general jurisdiction is not satisfied where "the sole contact between the non-resident defendant and the forum state is a contract that did not require

---

[11]   See id. at p. 6.

[12]   See id.

[13]   See id.

performance, other than payment, by the defendant in the forum state." Dudek, 109 Fed. Appx. at 659.  Similarly, the published opinion indicates that a party that does not regularly engage in business in the forum state, but, instead, has a "single, isolated transaction" in the forum state may not be subject to personal jurisdiction in that state.  See Hydrokinetics, Inc., 700 F.2d at 1029.

By way of contrast, the Fifth Circuit found, in another case, that the district court could exercise personal jurisdiction over a defendant that was sued on a series of contracts.  Sw. Offset, Inc. v. Hudco Publ'g Co., 622 F.2d 149, 150 (5th Cir. 1980).  The Fifth Circuit noted, among other things, that the defendant was not a passive customer, but repeatedly placed orders and on several occasions mailed copy and proofs to Texas to facilitate the manufacturing process.  Id. at 152.

The case presently before this court does not involve a "single, isolated transaction" or a "sole contact" with the forum state.  Here, Defendant maintained business relationships with at least four Texas entities that spanned, in total, at least nine months and involved significant communications and repeated, substantial product orders.  Furthermore, it does not escape the court's attention that the products ordered are precisely those in issue in this lawsuit and that the products were purchased from suppliers in Plaintiff's home location.

7

In consideration of the quality, nature, and extent of
Defendant's contacts with Texas, the likelihood of consequences
within Texas from Defendant's actions outside of the state, and the
connection between Defendant's activities in Texas and Plaintiff's
claims, the court finds that Defendant purposefully availed itself
of the benefits and protections of Texas by its substantial
contacts with local business entities.   Exercising personal
jurisdiction over Defendant in no way offends traditional notions
of fair play and substantial justice.   Defendant is subject to the
court's in personam jurisdiction.

### III.  Motion to Transfer

A district court may transfer any civil action to any other
district where the case might have been brought, if transfer serves
"the convenience of parties and witnesses . . . [and is] in the
interest of justice."   28 U.S.C. § 1404(a); <u>see also</u> <u>Van Dusen v.
Barrack</u>, 376 U.S. 612, 616 (1964); <u>In re Volkswagen AG</u>, 371 F.3d
201, 203 (5th Cir. 2004).   The party seeking the transfer must
demonstrate that the balance of convenience and justice factors
favors a change of venue.   <u>Time, Inc. v. Manning</u>, 366 F.2d 690, 698
(5th Cir. 1966).   The decision whether to transfer venue rests
within the sound discretion of the district court.   <u>Casarez v.
Burlington N./Santa Fe Co.</u>, 193 F.3d 334, 339 (5th Cir. 1999).

In balancing the convenience and justice factors, the court
takes into consideration various private and public interest

8

factors in light of the specific facts of the case.  Stewart Org.,
Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); In re Volkswagen AG,
371 F.3d at 203.  The private concerns include:  "(1) the relative
ease of access to sources of proof; (2) the availability of
compulsory process to secure the attendance of witnesses; (3) the
cost of attendance for willing witnesses; and (4) all other
practical problems that make trial of a case easy, expeditious and
inexpensive."   In re Volkswagen AG, 371 F.3d at 203.  Public
interest factors that may be relevant to the analysis include: (1)
administrative difficulties related to court congestion; (2) the
local interest in deciding the controversy; (3) the familiarity of
the forum with the applicable law; and 4) the avoidance of
unnecessary conflict of laws problems.  Id.

The parties agree that Plaintiff could have brought the case
in the District of New Jersey, but disagree on the weight of the
convenience and justice factors.  Defendant admits that the
majority of the private and public factors weigh equally in favor
of both venues.  However, Defendant argues, the "one deciding
factor is [that] the main witness of the case--the customer
specifically referenced in Plaintiff's First Amended Complaint . .
. is located in Pennsylvania, which is adjacent to New Jersey."[14]
According to Defendant, the convenience of this one witness favors

---

[14]    Defendant's Memorandum of Law in Support of its Motion, Docket Entry
No. 7, p. 7.

9

transfer.  Defendant also argues that "New Jersey residents have an interest in determining whether a New Jersey entity has acted wrongfully."[15]

Plaintiff counters that the balance of factors favors Texas. Plaintiff argues that it plans to call as witnesses several of its employees, all of whom are located in Houston, while Defendant has a single employee.  Plaintiff also contends that the Pennsylvania witness is just one third-party witness among many from various eastern and southern states and that several third-party witnesses reside in Houston.  Plaintiff points to the comparative ease of access and economy of trial in Houston.  Finally, Plaintiff argues that Texas has "a substantial interest in protecting the intellectual property rights of a Texas resident entity that is a manufacturer and employer."[16]

Because the proof and the witnesses are spread across several states, neither New Jersey nor Texas is a clearly favored forum. Also, economic interests, administrative issues, and issues related to the application of governing law favor neither forum.  However, Texas' interest in the matter coupled with Plaintiff's choice of forum weigh in favor of Texas.  See Time, Inc., 366 F.2d at 698 (stating that Plaintiff's choice of forum receives high esteem). On balance, then, this is the better forum.  Defendant has failed

---

[15]   Id.

[16]   Plaintiff's Response, Docket Entry No. 24, p. 13.

to meet its burden of demonstrating that convenience and justice weigh substantially in favor of transfer to New Jersey. <u>See</u> 28 U.S.C. § 1404(a); <u>In re Horseshoe Entm't</u>, 337 F.3d 429, 433-34 (5th Cir. 2003).

## IV.  Conclusion

Based on the foregoing, the court **DENIES** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint or, in the Alternative, for a Change of Venue.

**SIGNED** in Houston, Texas, this 5th day of January, 2006.

_____

Nancy K. Johnson

United States Magistrate Judge

11