```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | | |
|---|---|---|
| BETTER BAGS, INC., | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. H-05-1919 |
| | § | |
| BETTER BAGS MARKETING, L.L.C., | § | |
| | § | |
|     Defendant. | § | |

## ORDER

Pending before the court is Plaintiff's Motion for Default Judgment (Docket Entry No. 40). The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **DENIES** Plaintiff's motion.

Plaintiff filed this trademark action on June 1, 2005, and amended on June 22, 2005. On July 1, 2005, a summons issued to Defendant's president. Defendant filed a motion to dismiss for lack of personal jurisdiction on July 29, 2005. Within a few weeks, the parties met and, soon thereafter, filed their Joint Discovery/Case Management Plan. Counsel for Plaintiff and counsel for Defendant attended a scheduling conference in August 2005.

Pursuant to the parties' consent, the case was transferred to the undersigned. Defendant continued to participate in the lawsuit by agreeing to Plaintiff's motion for an extension of time, filing a motion to quash, replying to Plaintiff's response to its motion to dismiss, and attending a hearing on the motion to quash. The court entered a mediation order on December 20, 2005, requiring the

parties to complete mediation by February 15, 2006.

On January 5, 2006, the court denied Defendant's motion to dismiss.  Defendant's counsel moved to withdraw as the attorney of record because Defendant failed to pay outstanding invoices.  At a hearing on the motion to withdraw,  Janesa Urbano ("Ms. Urbano") appeared and stated that she represented both Defendant and Defendant's president.  Although she stated that she did not intend to take over representation of Defendant in this lawsuit, she requested a thirty-day continuance of the mediation deadline and of the submission of the counsel's motion to withdraw.  Ms. Urbano represented that she had been given "a significant amount of authority from [her] client to pursue, actively pursue, settlement discussions."[1]  As an accommodation to her request, the court ordered the parties to complete mediation or to settle the case by March 15, 2006, and announced that it would grant the motion to withdraw on March 15, 2006.  On March 20, the court entered an order granting the motion of Defendant's counsel to withdraw as attorney.

In the pending motion, Plaintiff represented that its counsel attempted "several times to contact the remaining counsel for Defendant to arrange the Court[-]ordered mediation, all to no avail.  In fact, Plaintiff's counsel has never received a response

---

[1]     Recording of motion hearing, Feb. 8, 2006.

to his letters or telephone calls to Defendant's counsel."[2] Plaintiff now seeks a default judgment against Defendant under Federal Rule of Civil Procedure ("Rule") 55.

Rule 55(a) allows for the entry of default as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Rule 55(b)(2) addresses judgment by default entered by the court, but does not explain the circumstances under which a district court may grant default judgment or whether an entry of default must precede judgment.

Regardless, the Fifth Circuit has affirmed the district court's discretionary authority to employ default judgment "in the interest of the orderly administration of justice." <u>Flaksa v. Little River Marine Constr. Co.</u>, 389 F.2d 885, 887 (5th Cir. 1968)(internal quotation marks omitted); <u>see also</u> <u>Mason v. Lister</u>, 562 F.2d 343, 345 (5th Cir. 1977)(stating that the entry of default by the court is a discretionary matter). The trial judge may enter default judgment when a party fails to comply with its orders or rules of procedure. <u>Bonanza Int'l, Inc. v. Corceller</u>, 480 F.2d 613, 614 (5th Cir. 1973); <u>Flaksa</u>, 389 F.2d at 887.

However, the entry of default judgment "is only appropriate

---

[2] Plaintiff's Memorandum in Support of Motion for Default Judgment, Docket Entry No. 41, p. 1.

where there has been a clear record of delay or contumacious conduct." E.F. Hutton & Co. v. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972). The Fifth Circuit elaborated: "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations. As the District of Columbia Circuit has stated, they are available only when the adversary process has been halted because of an essentially unresponsive party." Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989)(citations and internal quotation marks omitted); see also Sec. & Exch. Comm'n v. First Houston Capital Res. Fund, Inc., 979 F.2d 380, 382 (5th Cir. 1992)(explaining that "even if the record teems with instances of delay or other egregious behavior," a court must determine that lesser sanctions would not serve the interests of justice before entering default judgment); Williams v. New Orleans Pub. Serv., Inc., 728 F.2d 730, 733-34 (5th Cir. 1984)(stating that a slight abuse of discretion by a trial court in entering default judgment may justify reversal); E.F. Hutton & Co., 460 F.2d at 285 (also referring to default judgment as "a drastic remedy" for "extreme situations"); Flaksa, 389 F.2d at 887-88 (pointing out the wide range of lesser sanctions available to the district court).

Rule 55(a) does not apply to this case. Although Defendant failed to file a timely answer after the court denied its motion to

dismiss,[3] it presented a defense to this lawsuit and actively engaged in litigation through the February 8, 2006, hearing. Plaintiff engages in no legal analysis either to explain how Rule 55(b)(2) applies in this instance or to demonstrate that Defendant's silence since shortly before the court granted its attorney's motion to withdraw amounts to "a clear record of delay or contumacious conduct." Cf. E.F. Hutton & Co., 460 F.2d at 285. Other considerations may also be relevant, such as whether Defendant's conduct is willful, whether the prejudice to one party outweighs that to the other, whether lesser sanctions could be effective, and whether default judgment serves the interest of justice.

That said, the court in no way condones Defendant's sudden unresponsiveness. Defendant's last representation to the court, a statement by Ms. Urbano, professed a willingness to settle the case. Now, however, Defendant apparently has abandoned the litigation, halting all progress by not responding to Plaintiff's communications and, more importantly, by failing to comply with the court's order to mediate. The court, therefore, will give Defendant one, and only one, opportunity to explain its recent conduct and to reenter this litigation on an active basis.

The court **ORDERS** Defendant to file an answer within twenty

---

[3] Defendant's answer was due ten days after notice of the court's decision to deny its motion to dismiss. Rule 12(a)(4)(A).

days of the date of this order.  Further, Defendant is **ORDERED** to show cause why it should not be held in contempt for failing to comply with the court order to mediate.  A hearing is set for September 18, 2006, at 2:00 p.m., at which time the court will hear Defendant's explanation for its disappearance from this lawsuit and its failure to comply with the court's order.  Plaintiff may reurge its motion for default judgment at that time.

    **SIGNED** in Houston, Texas, this <u>22nd</u> day of August, 2006.

Nancy K. Johnson
United States Magistrate Judge