IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BETTER BAGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. H-05-1919 |
| | § | |
| BETTER BAGS MARKETING, L.L.C., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Pending before the court is Plaintiff's renewed motion for default judgment. Having considered the motion, the applicable law, and Defendant's pattern of contempt, the court **GRANTS** Plaintiff's motion as explained below.

Plaintiff filed this trademark action on June 1, 2005, and amended on June 22, 2005. Defendant, through its attorney of record, initially participated fully in the lawsuit. However, because Defendant failed to pay outstanding fee invoices, Defendant's counsel moved to withdraw. On February 8, 2006, the court held a hearing on counsel's motion to withdraw. Janesa Urbano ("Urbano") appeared at the hearing and identified herself as counsel for both Defendant and Defendant's owner. Urbano indicated that she did not intend to take over representation of Defendant in this lawsuit, but stated that Defendant had given her "a significant amount of authority . . . to pursue, actively pursue, settlement discussions."[1]

---

[1] Recording of motion hearing, Feb. 8, 2006.

Upon Urbano's request for continuance of the mediation deadline and of the submission of pending motion to withdraw, the court ordered the parties to complete mediation or to settle the case by March 15, 2006, and announced that it would grant the motion to withdraw on March 15, 2006. On March 20, 2006, the court entered an order granting the motion of Defendant's counsel to withdraw as attorney.

Plaintiff filed a motion for default judgment in July 2006 based on Defendant's failure to respond to Plaintiff's phone calls and letters concerning the arrangements for the court-ordered mediation. On August 22, 2006, the court entered an order denying Plaintiff's order for default judgment and ordering Defendant to file an answer by September 11, 2006. The court also ordered Defendant to appear at a hearing set for September 18, 2006, to show cause why it should not be held in contempt for failing to comply with the court order to mediate and for failing to continue to participate in the lawsuit.

The clerk sent notice of the court's order to Urbano at 950B Chester Ave., Delran, New Jersey, and to Defendant at 1509 U.S. State Highway No. 38, Mount Holly, New Jersey. On September 11, 2006, the post office returned the mail addressed to Urbano with a notation that it was undeliverable as addressed. The mail addressed to Defendant was not returned. Defendant did not file an answer within the time allotted by the court and did not appear at

the September 18, 2006 hearing.  At the hearing, Plaintiff orally renewed its motion for default judgment.

The Fifth Circuit has affirmed the district court's inherent authority to employ default judgment "in the interest of the orderly administration of justice." Flaksa v. Little River Marine Constr. Co., 389 F.2d 885, 887 (5th Cir. 1968)(internal quotation marks omitted); see also Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977)(stating that the entry of default by the court is a discretionary matter).  The trial judge may enter default judgment when a party fails to comply with its orders or rules of procedure. Bonanza Int'l, Inc. v. Corceller, 480 F.2d 613, 614 (5th Cir. 1973); Flaksa, 389 F.2d at 887.

The entry of default judgment "is only appropriate where there has been a clear record of delay or contumacious conduct." E.F. Hutton & Co. v. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972).  The Fifth Circuit elaborated: "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.  As the District of Columbia Circuit has stated, they are available only when the adversary process has been halted because of an essentially unresponsive party." Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989)(citations and internal quotation marks omitted).

In this case, Defendant's initial participation in this lawsuit cannot protect it from default judgment in light of its

3

unresponsiveness to Plaintiff and its present contempt posture. After failing to pay its original attorney of record, who was ably representing it in this lawsuit, Defendant has not named replacement counsel.  Defendant, a corporation, cannot represent itself.

Since appearing before the court in February 2006 in the person of Urbano and representing a willingness to settle, Defendant has become incommunicado with both Plaintiff and the court.  The court thus questions the sincerity of the representations made in court by Urbano concerning Defendant's willingness to settle.  Considering this and Defendant's failure to meet the new deadlines set by the court upon Defendant's request, the court finds it hard to view Defendant's conduct as anything other than willful noncompliance.

Defendant's refusal to continue active participation in this case impedes the administration of justice and denies Plaintiff the right to have its claim adjudicated.  Defendant, in essence, has given up its defense of this case.  Under these circumstances, the prejudice to Plaintiff of continuing this case indefinitely greatly outweighs any prejudice to Defendant that may result from the entry of a default judgment.  Because Defendant has disappeared entirely from this lawsuit, no lesser sanction would serve the interests of justice.

Plaintiff's motion for default judgment is **GRANTED**.  A hearing

is set for 2:00 p.m. on September 28, 2006, at which time Plaintiff may present evidence regarding the amount of its damages. Defendant is invited to attend to contest entry of a default judgment and/or the amount of damages.

**SIGNED** in Houston, Texas, this 18th day of September, 2006.

Nancy K. Johnson
United States Magistrate Judge