IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BETTER BAGS, INC.

VS                                               CIVIL ACTION NO. 05-CV-01919

BETTER BAGS MARKETING, L.L.C.

## FINAL JUDGMENT

**CAME TO BE HEARD** the Court's Sua Sponte Motion to Show Cause and a rehearing on the Plaintiff's Motion For Default Judgment, and, upon consideration of both of the Motions, the Memorandum in Support of Motion for Default Judgment: and oral testimony offered by Plaintiff, the Motion to Show Cause and the Motion for Default Judgment, the Court hereby finds as follows:

### Findings Of Fact And Law

**THE COURT FINDS** that at the hearing on February 8, 2006, the Court ordered the Defendant to mediate this case on or before March 15, 2006, which Order the Defendant ignored despite numerous entreaties from the Plaintiff. The Court, on August 22, 2006, ordered the Defendant to file an answer in this case within twenty days, which Order the Defendant also ignored despite notice from the Court. The Court gave Defendant the opportunity to explain its conduct and to re-enter the litigation on an active basis, and notified Defendant and Defendant's counsel by certified mail return receipt requested of the Court's pending Sua Sponte Motion and the Court's willingness to rehear the Plaintiff's Motion for Default Judgment. Neither the Defendant nor its Counsel has responded to such notices from the Court, which is not a different result from the notices sent by Plaintiff in this case.

Given the Defendant and its Counsel's willful actions and omissions, the Court has determined that such actions and omissions have resulted in prejudicing the Plaintiff's ability to prosecute its claims to a level that far outweighs any prejudice to the Defendant, and that there are no lesser sanctions available to protect the rights of the Plaintiff in this case. The Court further finds that it has previously held that the Defendant's silence since the hearing on February 8, 2006 has amounted to clear or contumacious conduct. As a result of Defendant and its counsel's willful actions and omissions, the Court has now determined that Rule 55 (a) is applicable to this case, as the Defendant's has failed to plead or defend itself by filing an answer in this case, ignoring an Order of this Court. To insure the orderly administration of justice, the Court now has determined that a Default Judgment against the Defendant is the most appropriate result in this case.

**THE COURT FURTHER FINDS** that the testimony offered by Plaintiff's President, Rafael Alvarado is persuasive and supports the Court's finding that the Defendant's actions constitute federal trademark infringement under Section 32(1) of the Lanham Act (*15 U.S.C. § 1114*(1) ). Plaintiff's trademark has been registered on the Principal Register of the United States Patent and Trademark Office for "Better Bags" as evidenced by Registration No. 2396603. U.S. Registration No. 2396603 is valid and is in full force. The Court also finds that the Defendant's actions have caused confusion or caused mistake or deceived as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods or services, which actions constitute a violation of Section 43(a)(1)(A) of the Lanham Act *(15 U.S.C. § 1125*(a)(1)(A)). The Court further finds that Defendant, beginning on or after January 12, 2002, has been using the trademark of Plaintiff by using the words "Better Bags" in connection with the sale of

disposable plastic bags used by grocery stores, super markets and/or other similar businesses, and such use was intended to mislead the public and lead to confusion and mistake, and to pass off goods or services as those of Plaintiff's. Defendant's actions constitute unfair competition. The Court further finds that the Defendant's conduct constitutes dilution in violation of Section 43(c) of the Lanham Act ( *15 U.S.C. § 1125*(c) ). Defendant's actions as described were willful and deliberate and for the purpose of trading on Plaintiff's reputation or to cause dilution of Plaintiff's famous mark.

**THE COURT FURTHER FINDS** that the Plaintiff has suffered damages as a result of Defendants willful actions. The Plaintiff has lost profits. The Plaintiff has lost valuable goodwill. The Defendant has obtained unjust enrichment. The Plaintiff has incurred expenses in counteracting the effect of Defendant's use of the trade mark. The Defendant's adoption and use of a confusingly similar mark was willful and deliberate. Unless Defendant is enjoined from the acts complained of, Plaintiff and the public will suffer irreparable harm, for which Plaintiff has no adequate remedy at law.

**THEREFORE** the Court now issues the following Orders:

**IT IS HEREBY ORDERED AND DECREED** that the Court's Sua Sponte Motion to Show Cause why the Defendant should not be held in contempt for failing to follow the Court's Order to mediate this case and to file an answer in this case is hereby **GRANTED**;

**IT IS HEREBY ORDERED AND DECREED** that Plaintiff's request to rehear Plaintiff's Motion For Default Judgment, is hereby **GRANTED;**

**IT IS HEREBY ORDERED AND DECREED** that Plaintiff's Motion For Default Judgment, is hereby **GRANTED;**

IT IS HEREBY FURTHER ORDERED that Plaintiff's request for a permanent injunction is hereby **GRANTED,** and Defendant is hereby **PERMANENTLY ENJOINED** from using the name "Better Bags" in any form or in combination with any other words or names, and from using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered mark in interstate commerce in connection with selling, offering for sale, or advertising of goods or services, including but not limited to goods and services to any grocery or supermarket store or any grocery supply or distributor;

**IT IS HEREBY FURTHER ORDERED** that Plaintiff, **BETTER BAGS, INC.**, shall have a judgment **against** Defendant, **BETTER BAGS MARKETING, L.L.C.,** for damages incurred by Plaintiff as a result of Defendant's infringement on the use of Plaintiff's name and properly registered trademark in the amount of **TWENTY THOUSAND AND NO/00'S dollars ($20,000.00)**.

**IT IS HEREBY FURTHER ORDERED,** that Plaintiff, **BETTER BAGS, INC.,** have a judgment **against** Defendant, **BETTER BAGS MARKETING, L.L.C.** as additional damages relating to its use of Plaintiff's name and properly registered trademark, and as sanctions for Defendant's contempt of this Court's lawful Orders, for attorneys' fees in the amount of **TWENTY THOUSAND, TWO HUNDRED FIFTY AND NO/00'S DOLLARS ($20,250.00)** and for costs of Court in the amount of **THREE HUNDRED FORTY-FIVE AND NO/00'S DOLLARS ($345.00)**.

Entered this the 3rd day of October, 2006.

Judge Presiding